Vince Hancock : Case No. 3:12-cr-00015-VLB-1
    Movant :
     :
Vs :
     : Judge Vanessa L. Bryant
UNITED STATES OF AMERICA :
    Respondent :

## Brief in Support of Motion Under 28 USC § 2255

Comes now the Movant, Vince Hancock, Pro Se, and humbly submits this Brief in Support of the Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody, and avers the following in support of that Motion:

1) The Movant is filing this action In Forma Pauperis and Pro Se and thus asks the Court to construe his filing liberally in accord with the United States Supreme Court decision in <u>Haines vs Kerner</u>, 404 US 519, 30 LEd2d 652, 92 SCt 594 (1972).

2) That the Movant's Direct Appeal became final on August 23, 2013. The 90 day date for the Movant to file a Writ of Certiorari in the United States Supreme Court expired on November 20, 2013. The last day for filing this Motion and the accompanying brief to the Court therefore is November 20, 2014, through the FCI-Danbury institution's Prison Legal Mail system.

3) That a brief statement of the case is:

The Movant, Vince Hancock, was arrested on September 29, 2011, when Connecticut State Agents kicked the doors in to serve an Arrest Warrant on him in the middle of the night. Mr. Hancock did **not** offer up any resistance to the arrest. He was charged by the local District Attorney's Office and awaiting prosecution when the Federal Government indicted him on January 18, 2012. On January 25, 2012, the State dismissed their charges in favor of the Federal Indictment and he was released into Federal custody on February 1, 2012. Mr. Hancock was the sole Defendant in the 11 Count Federal Indictment.

On the night that Mr. Hancock was arrested, the police did a search incident to arrest as a protective sweep. In that sweep, which was conducted while the Defendant had already been handcuffed and rendered safe from the police officer's perspective, they found the unloaded weapon in the closet under some blankets on a shelf; which weapon they used to obtain the search warrant for the premises after the fact of the arrest.

A careful reading of the Indictment and the description of the Plea and Offense in the Plea Agreement do not state excatly how much the drug quantity weight(s) that were purchased from the Movant during the undercover buy on August 3, 2011, which was done by the officers of the State of Connecticut.

On March 14, 2012, Mr. Hancock and his Attorney signed the Plea Agreement, which was then accepted by the Court later that afternoon. Between February 1, 2012, and March 14, 2012, the Defendant's Counsel did not file any pre-trial Motions on behalf of the Defendant.

The Defendant was sentenced on September 4, 2012, in front of Judge Vanessa L. Bryant. A timely Notice of Appeal followed. The Appeal was decided August 23, 2013 by the Second Circuit Court of Appeals and is unpublished. The Movant did not file a Writ of Certiorari to the United States Supreme Court.

4) There are several issues in this Motion under 28 USC § 2255 for the Court's consideration. Briefly they are as follows:

a) That the Movant received Ineffective Assistance of Trial Counsel for Counsel's failure to file any Pre-trial Motions while coercing the Movant to take a Plea Deal and misleading the Movant about the outcome and the Sentence which the Movant would receive.

b) That the Movant received Ineffective Assistance of Trial Counsel for Counsel's failure to object to the Speedy Trial Act violation of 18 USC § 3161(b) and the Fifth Amendment.

c) That Counsel failed to argue that the Government did not charge a violation of 21 USC § 851 in the Indictment and therefore, in accord with a strict reading of the 21 USC § 851 statute, may not enhance the Movant's sentence for past acts as a Career Offender.

d) That Counsel failed to argue that Application Note 3 to United States Sentencing Guideline § 2D1.1(c), the Drug Quantity Table section which provides the 2 level enhancement for a weapon, states: "... for example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." This is specifically the case in point here. The unloaded weapon was located in a closet at his residence.

e) That since the Movant's Sentencing, but during the time that his Direct Appeal was pending, the Supreme Court decided <u>Descamps vs United States</u>, 570 US ___, 133 SCt ___, 186 LEd2d 438 (2013) and <u>Alleyne vs United States</u>, 570 US ___, 133 SCt ___, 186 LEd2d 314 (2013), which have an impact on the Movant's sentencing proceeding.

f) That since the Movant's Direct Appeal was decided, the Supreme Court has decided <u>Bond vs United States</u>, No 12-158, decided June 2, 2014, which determined that the Constitution's Necessary and Proper Clause is not meant to enlarge the Federal Government's jurisdiction beyond the manifest structural limitations which the Constitution establishes regarding the fact that the States were granted the Police Powers except in certain enumerated cases in the Constitution. Thus the case against the Movant was a State case and not a Federal one under the Bond decision.

4)g) That the Movant's Counsel of Record was Ineffective for failing to argue that the State of Connecticut forum-shopped the Movant's case to the Federal Government after bringing charges and Arraigning the Movant on those charges, which is a practice that the United States Supreme Court has stated its objection to at various times in the history of the Court.

These issues will be addressed separately below.

## Issues and Discussion

5) The issues in this case are basically broken down into the following categories as stated in the 2255 Motion.
A) Counsel failed to file any pre-trial motions including:
   1) Violation of the Speedy Trial Act, Fifth Amendment and 18 USC § 3161(b).
B) 1) Government did not charge 21 USC § 851 in the Indictment and specifically stated in the Plea Agreement that: "... the Government has agreed **not** to file a second offender notice under 21 USC § 851. A plain reading of the 851 statute says that it must be filed in order to enhance a Defendant at sentencing.
   2) There was an improper enhancement at the Movant's Sentencing for a Firearm in accordance with United States Sentencing Guidelines Application Note specifically cautioning against the enhancement and for the specific scenario which was involved in this case.
C) Failing to argue that the State of Connecticut forum shopped this case to the Federal Government against the principles which have been espoused by the United States Supreme Court and in contradiction to its recent decision in Bond vs United States.
D) The Alleyne, Descamps, and Bond cases from the Supreme Court are additional supporting new caselaw.

6) Trial Counsel was Ineffective in violation of the Sixth Amendment to the United States Constitution for attempting to coerce (and in fact coercing) the Movant to accept the Government's Plea Agreement. That Plea Agreement was a contract between the Movant and the Government with legal counsel acting as both mediator and negotiator of that contract. See Santobello vs New York, 404 US 257, 262-263 (1971).

7) In Lafler vs Cooper, 566 US ___, 132 SCt 1376, 182 LEd2d 398 (2012) and Missouri vs Frye decided the same day, 566 US ___, 132 SCt 1399, 182 LEd2d 379 (2012), the Supreme Court struck home the point that they were opening up a whole new era of "boutique law" regarding Plea Bargaining; and that 97% of all federal convictions are done through plea bargaining.

8) In Strickland vs Washington, 466 US 668 (1984), the Supreme Court established a two-prong test for determining Ineffective Assistance of Counsel in violation of the Sixth Amendment. The first prong is that counsel's performance fell below an objective standard of reasonableness. The second prong is that that deficiancy caused the Defendant prejudice.

9) That counsel never argued the fact that the First Class Robbery under Connecticut General Statute § 53a-134(a) was a Guilty Plea under the Alford Doctrine. As the Defendant did not go to trial, the issue of actual guilt is still unsettled under the Alford Doctrine.

  Footnote 2 of United States vs Henry, et al, 363 Fed Appx 781 (2nd Cir., February 2, 2010) states:

> "See North Carolina vs Alford, 400 US 25, 37 (1970)("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.")."

10) That Counsel's failure to argue the Alford Doctrine is just one example of his Ineffective Assistance.

11) In <u>United States vs Lewis</u>, 679 F3d 182 (4th Cir, 201_), stated:

> [A] sentence based on improperly calculated guidelines range will be found unreasonable and vacated. Furthermore, because a correct calculation of the advisory Guidelines range is the crucial starting point for sentencing, an error st that step infects all that follows at the sentencing proceeding, including the ultimate sentence chosen by the district court."

See also 606 F3d 193, 201 (4tyh Cir., 2010).

12) The next thing that Counsel did not do was to examine the time limits of 30 days, with a possible extension of 30 days, that are plainly written in the Speedy Trial Act, codified as 18 USC § 3161(b). This is the codification of the Fifth Amendment Right to a Speedy Trial and should have been presented to the Court as a pre-trial Motion for Dismissal.
The Movant was arrested on September 29, 2011 for the charges for which he was Indicted by the Federal Gradd Jury on January 18, 2012. The time between September 29 and January 18 id 111 days. This far exceeds the 30 to 60 days allowed by the statute for bringing the Indictment after the Defendant has already been arrested for the crime of conviction. 18 USC § 3162 provides that the charges should have been dismissed for this delay by the Government. This issue was neber brought before the Court by Counsel.
Therefore counsel was Ineffective under the <u>Strickland</u> test.

13) It must be noted that the Change of Plea Hearing was before the Honorable Vanessa L Bryant and not the Magistrate JHdge, as the hearing transcript states on the cover page.

14) In digressing back to the Alford Doctrine, the Supreme Court stated at 523 US 632:

> The present case is here because, in <u>Henderson vs Morgan</u>, 426 US 637, 644-646, 49 LEd2d 108 (1976), this Court held that where neither the indictment, defense counsel, nor the trial court explained to the defendant that intent to kill was an element of second-degree murder, his plea to that offense was "involuntary".

15) The crime in Connecticut of Robbery was First Degree because a Chinese outtake deliveryman was shot by the others. The Movant

15) and the other participants in the crime were all juveniles at the time that it happened. The Movant was not even present at the scene of the crime when it happened. He had been directed to go ahead of the others and make sure the route they would take after the Robbery was clear, as instructed by the leader. The Movant was told that the gun was only supposed to be for a show of force to the victim. The Movant had no prior knowledge that any actual violence was intended by the others.

16) The next issue before the Court is the Failure of the Government to charge the Movant under 21 USC § 851 at the Indictment stage of the proceedings and then sought increased punishment of the Movant as a Career Offender when the statute clearly states that it must be charged before Career Offender status may be used to enhance the Movant's sentencing proceedings.

17) 21 USC § 851. Proceedings to establish previous convictions, states:

> a) Information filed by United States Attorney.
>
> 1) No person who stands convicted of an offense under this part [21 USC §§ 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

18) That in this case, the Plea Agreement, on Page 2 of Document 17, at the bottom of the first paragraph, states:

> As part of this plea agreement, to the extent that the defendant may have a qualifying prior conviction for a felony drug offense, the Government has agreed not to file a second offender notice under 21 USC § 851.

19) Clearly the Government did not seek to charge the Movant for any criminal actions outside the four corners of the plea agreement that would enhance the sentence for the agreed upon Count 4 of the Indictment related to the August 3, 2011 charge.

20) In <u>Burrage vs United States</u>, 134 SCt 881 (2013), the Supreme Court said that an increase in minimum and maximum sentences is an element that must be submitted to a jury and found beyond a reasonable doubt. See 187 LEd2d @ 722.

21) That the Sentencing Court was not advised by an 851 Motion/Notice, nor did it hold an 851 hearing on the Movant's Career Offender status was plain error by the Court, causing an increased sentence that violated the Movant's Right to a Liberty Interest and Due Process.

22) That 28 USC § 994, that promulgate the Sentencing Guidelines must take into account and consideration the directive of 21 USC § 851 before a recommendation for enhanced punishment may be made beyond what is charged in the indictment against the Movant. Section 994(h) is the specific section which deals with Career Offenders, and raeds like the introduction to the Career Offender section in the United States Sentencing Guidelines.

23) In <u>United States vs Resendiz-Ponce,</u> 549 US 102, 108, 166 LEd2d 591 (2007), the Supreme Court said that a federal indictment must contain the elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy to future prosecutions for the same offense.

24) Federal Rule of Criminal Procedure 7(c)(1) states:

> For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of the law that the defendant is alleged to have violated.

25) In Footnote 7 of <u>Alsol vs Mukasey</u>, 548 F3d 207 (2nd Cir., 2008), the Second Circuit stated:

> In reaching this conclusion, the Seventh Circuit relied on the Supreme Court's observation in <u>Almendarez-Torres vs United States</u>, 523 US 224, 244 118 SCt 1219, 140 LEd2d 350 (1988) that "Congress ... has never, to our knowledge, made a defendant's recidivism an element of an offense where the conduct proscribed is otherwise unlawful." There is some question as to whether <u>Almendarez-Torres</u> is still good law. See <u>Apprendi vs New Jersey,</u>

25) 530 US 466, 489, 120 SCt 2348, 147 LEd2d 435 (2000)("[I]t is arguable that Almendarez-Torres was wrongly decided ...."). Nonetheless, the Supreme Court has not disturbed Almendarez-Torres since Apprendi, and has recently reaffirmed it. James vs United States, 550 US 192, 127 SCt 1586, 1600 n.8, 167 LEd2d 532 (2007)( reaffirming Almendarez-Torres, and holding that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes").

However, the relevant statutes give the defendant a range of procedural safeguards, such as the right to a separate proceeding to litigate recidivism and the ability to raise certain collateral challenges, See 21 USC § 851, that arguably make the recidivist enhancement more than an element. The fact that a defendant is entitled to proof beyond a reasonable doubt suggests that recidivism might be analytically closer to an element of the offense that the Seventh Circuit suggests. Moreover, in this context, proof beyond a reasonable doubt is required by statute regardless of what the Sixth Amendment may require. See 21 USC § 851(c)(1).

26) The Second Circuit also stated in United States vs Francis, 480 Fed Appx 8, 11 (2nd Cir., 2012):

> Nor is Francis's sentence unreasonable because of the prosecutor's decision to file a prior offender information, see 21 USC § 851, against him and not his co-defendants. "Any disparity in the maximum statutory penalties between defendants who do and those who do not receive the notice is a foreseeable - but hardly improper - consequence of the statutory notice requirement" under 21 USC § 851. United States vs LaBonte, 520 US 751, 762, 117 SCt 1673, 137 LEd2d 1001 (1997); accord United States vs Sanchez, 517 F3d 651, 671 (2nd Cir., 2008).

27) The next issue is the fact that the Movant was improperly enhanced for a Firearm when the Application Note number 3 to the enhancement clearly uses an example that is in direct positive relation to the case at hand and specifically states that in that case, the enhancement was not to be applied. This was a two-level enhancement which was not argued against in this way by trial counsel, thus prejudicing the Movant. Further Ineffective Assistance of trial Counsel.

28) In Bond, the Supreme Court clearly shoved the pendulum in the direction of the separation of Federal and State powers as the Constitution intended, especially the Tenth Amendment.

29) Bond vs United States, 564 US ___, 131 SCt ___, 180 LEd2d 269, 280 (2011)(Justice Kennedy) states:

> An individual has a direct interest in objecting to laws that upset the constitutional balance between the National Government and the States

29) when the enforcement of those laws causes injury that is concrete, particular, and redressable. Fidelity to principles of Federalism is not for the Sattes alone to vindicate.

30) The June 2, 2014 decision in <u>Bond</u> states:

> For nearly two centuries it has been "clear" that, lacking a police power, "Congress cannot punish felonies generally.". (citing <u>Cohens vs Virginia</u>, 6 Wheat 264, 428 (1821).)

31) That under the United States Constitution and given the facts of the Indictment, the case before the Court is purely one of a State issue and not one of a Federal issue, and therefore must be dismissed in lieu of the original State prosecution.

32) That the determination of the drug quantity which the Court was allowed to use for sentencing purposes was the amount found on Page 4 of the Plea Agreement (Document 17). Only these amounts were charged in the indictment and only these amounts can be allowed to be sentenced for given the aforementioned decisions regarding enhancements.

WHEREFORE, for all of the aforementioned reasons, Vince Hancock, Pro Se, the Movant in this Motion before the Court, does hereby request that this Court dismiss the charges in favor of the State prosecution; and in the alternative, vacate the Sentence, leaving the Plea Agreement stand, and resentence the Movant without the improper enhancements which the Government has agreed not to raise in their contract for a plea agreement, and remove the Firearm enhancement as also being improperly applied, resentencing the Movant for only the drug quantities from the date of August 3, 2011.

Dated: November 19, 2014

Respectfully submitted,

*Vince Hancock* (signature)

Vince Hancock, Pro Se
Federal Register # 20816-014
Federal Correctional Institution - Danbury
33 1/2 Pembroke Road
Danbury, CT  06811-3099

## Verification

I, Vince Hancock, Pro Se, the Movant in the above captioned case before the Court do hereby swear that the foregoing is true and correct to the best of my limited knowledge and ability so to state, under the Penalty of Perjury, 28 USC § 1746.

Dated: November 19, 2014

Respectfully,

*/s/ Vince Hancock*

Vince Hancock, Pro Se