UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vince Hancock | ) |
| | ) |
|     Petitioner | ) |
| | ) CIVIL NO. 3:14cv1751(VAB) |
| | ) |
| United States of America | ) |
| | ) June 27, 2016 |
|     Respondent | ) |

**MOTION PURSUANT TO
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The Movant and Petitioner, Vince Hancock, hereby files this Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Habeas Motion"). By this Habeas Motion, Petitioner seeks to have his sentence vacated pursuant to *Johnson v. United States*, 135 S. Ct. 2552 (2015), and for the Court to thereafter resentence Petitioner.

This motion is a successive 28 U.S.C. § 2255 motion. Petitioner has filed a motion with the Court of Appeals seeking an order to authorize filing a successive petition. *See United States v. Hancock,* No. 12-3638. In accordance with the District's June 14, 2016 Standing Order,[1] Petitioner requests that the Court hold proceedings in abeyance until the Court of Appeals rules on the pending motion for an order authorizing a successive petition. As the Standing Order states, Petitioner will file a notice within 14 days of any final ruling by the Court of Appeals on the pending motion, and thereafter confer with the Government regarding a briefing schedule to propose for the Court's consideration.

**BACKGROUND**

---

[1] The Standing Order is available at:
http://ctd.uscourts.gov/sites/default/files/Standing%20Order%20Johnson%206-14-16.pdf

1. On or about January 18, 2012, a grand jury sitting in the U.S. District Court for the District of Connecticut returned a superseding indictment charging Petitioner with four counts of possession with an intent to distribute cocaine base and heroin conspiring with the intent to distribute and to distribute a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 84l(a)(l), 84l(b)(l)(C). *See* Superseding Indictment, No. 3:12cr15(VLB), Doc. No. 1.

2. On March 14, 2012, Petitioner pled guilty to count four of the indictment. See Plea Agreement, Doc. No. 17. The plea agreement indicated that it appeared that Petitioner was a career offender based on his two prior felony convictions for possessing narcotics with the intent to sell, and his 1991 conviction for first-degree robbery. *See id.*

3. On September 4, 2012, the Court held the sentencing hearing. The PSR advised that Petitioner was a career offender, based on the same convictions noted in the plea agreement. See Plea Agreement, Doc. No. 20. Based on the career offender enhancement, the PSR included a Guideline range of 151 to 188 months of incarceration. *See* PSR. Without the enhancement, the range would have been remarkably lower, likely decreasing the offense level by 4 levels and shifting the criminal history category by two categories, as compared to the career offender calculation.

4. The Court found that that the career offender enhancement applied and imposed a term of 151 months of incarceration on count four of the indictment.

5. At that time, the Guidelines defined "crime of violence" as any offense, punishable by imprisonment for a term exceeding one year, that--

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> *(2)* is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

U.S.S.G., § 4B1.2(a)  (emphasis added).

6.      In light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner is no longer a career offender because one of his prior convictions no longer qualifies as a "crime of violence."  In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  135 S. Ct. 2551, 2557 (2015).  The identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.  This substantive rule is to be given retroactive effect.  *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) ("It follows that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."); *United States v. Ramirez*, 2016 WL 3014646, *9 (D. Mass. May 24, 2016) ("the invalidation of the Guidelines' Residual Clause pursuant to *Johnson* constitutes a substantive rule that must apply retroactively").

7.      Thus, the only remaining question here is whether Petitioner's prior robbery conviction qualifies as a "crime of violence" under the "enumerated offenses" clause or "elements" clause of the career offender provision (U.S.S.G. § 4B1.2(a)).  Robbery does not categorically qualify as a "crime of violence" under the enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense.  Likewise, it does not qualify as a "crime of violence" under the elements clause because the pertinent state statute and state law interpreting that statute indicate that the prior conviction does not rest on an offense that has as an element the use, attempted use, or threat of violent physical force or even necessarily requires such force.

8.      Hence, Petitioner does not qualify as a career offender, and his current sentence is an illegal sentence and violates due process of law in violation of 28 U.S.C. § 2255.

9. Petitioner's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."

10. Petitioner is assigned Bureau of Prisons number 20816-014 and is at Schuylkill FCI. This is not a successive petition.

WHEREFORE, Petitioner prays that the Court grant Petitioner such relief to which he may be entitled in this proceeding.

Respectfully submitted,
VINCE HANCOCK

By: /s/ ct17505
Francis L. O'Reilly,
Fed. Bar No.: CT17505
167 Old Post Road
Southport, CT 06890
Phone: 203-319-0707
Fax: 203-319-0128
Email: Attflor@aol.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on June 27, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:    /s/ ct17505
       Francis L. O'Reilly